**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

KEENAN SCOTT FERRELL WILLIAMS,        )
                                      )
            Petitioner,               )
                                      )
vs.                                   )        Case No. 08-CV-446-GKF-TLW
                                      )
JUSTIN JONES,                         )
                                      )
            Respondent.               )

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner

Keenan Scott Ferrell Williams, a state prisoner appearing *pro se*.  Respondent filed a response to the

petition (Dkt. # 11), and provided the state court record necessary for resolution of Petitioner's

claims (Dkt. ## 11 and 14). Petitioner filed a reply (Dkt. # 17). For the reasons discussed below, the

petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

In the early afternoon of Friday, July 8, 2005, Don Casey, property manager for the Midway

Building, located at 2727 East 21st Street in Tulsa, Oklahoma, received a call about a suspicious

"gentleman" in the building. Concerned about break-ins in the buildings he managed, Casey called

the Tulsa Police Department. The police arrived, but a search of the entire building uncovered

nothing. On that same day, Jay Pruett was the last employee working in the Nature Conservancy's

office on the first floor of the Midway Building. At approximately 6 p.m., Pruett was getting ready

to leave when he heard a noise in the front of the office. When he opened the door to a meeting room

to investigate the noise, he saw a man, later identified as Keenan Williams, standing on top of a

television stand, reaching up into the ceiling. Some of the ceiling tiles had been pulled or broken

down, and some of the metal framework was bent. Several drawers had been opened in the office furniture, but nothing was missing. Pruett told the intruder to leave, which he did. Pruett immediately called police, then went outside to see where the intruder had gone. Pruett watched him as he walked east and north, away from the Midway Building.  Shortly thereafter, a clerk working at a convenience store at 15th and Columbia, encountered Williams as he came through the store and tried to leave through the back door to evade the police. Williams resisted the police, but was apprehended. Pruett identified him as the intruder who had been in the Nature Conservancy office after hours.

As a result of these events, on July 13, 2005, Petitioner was charged in Tulsa County District Court, Case No. CF-2005-3043, with Second Degree Burglary, After Former Conviction of Two or More Felonies (Count 1), Possession of Burglary Tools, a misdemeanor (Count 2), and Resisting an Officer, a misdemeanor (Count 3). See Dkt. # 14, O.R. at 12-15. At the conclusion of a two-stage jury trial, Petitioner was found guilty of Counts 1 and 3, and not guilty on Count 2.  See Dkt. # 14-5, Tr. Trans. at 371. During second stage proceedings, the State presented evidence demonstrating that Petitioner had thirteen (13) prior felony convictions. The trial judge sentenced Petitioner, in accordance with the jury's recommendation, to fifty (50) years imprisonment on Count 1, and one (1) year imprisonment plus a $500 fine on Count 3, with the prison terms to run concurrently. See Dkt. # 14-6, Sent. Trans. at 2.  At trial, Petitioner was represented by Assistant Public Defender David Phillips.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). Represented by Assistant Public Defender Stuart Southerland, he raised the following eight (8) propositions of error:

Proposition One:  The evidence was insufficient to support a conviction for Second Degree Burglary.

Proposition Two:  The trial court should have instructed the jury on the lesser included offense of illegal entry/breaking and entering.

Proposition Three:  It was error to admit, over Appellant's objection, photographs which were never identified as being the crawlspace above the Nature Conservancy.

Proposition Four:  The Information failed to provide Appellant with a sufficient factual basis to defend against the charged offense in violation of constitutional and statutory authority.

Proposition Five:  The emphasis on the subjective nature of reasonable doubt, by both counsel for the State and the defense, served to deny Appellant the right to a fair trial pursuant to the Fourteenth Amendment to the United States Constitution.

Proposition Six:  The failure to excise irrelevant information in second stage exhibits which reference parole or suggest early release, combined with the prosecutor's emphasis on the sentences, resulted in an excessive term which should be modified.

Proposition Seven:  Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment to the United States Constitution.

Proposition Eight:  Appellant's sentence of fifty years for falling through the ceiling at the Nature Conservancy is excessive and should be modified.

(Dkt. # 11, Ex. 1). In an unpublished summary opinion filed March 21, 2007, in Case No. F-2006-53 (Dkt. # 11, Ex. 3), the OCCA rejected all claims and affirmed the Judgment and Sentence of the trial court.

Next, Petitioner filed a *pro se* application for post-conviction relief, raising four (4)[1] propositions of error, as follows:

---

[1] Petitioner incorrectly numbered his propositions as I, II, IV, and V. However, there were only four propositions listed.

1.      Petitioner received ineffective assistance of appellate counsel.

2.      Petitioner received ineffective assistance of trial counsel in violation of the Sixth and the Fourteenth Amendments to the United States Constitution.

3.      Evidence adduced at trial was insufficient to warrant a finding of guilty.

4.      Petitioner is actually innocent of the crime charged as evidence adduced at trial was insufficient evidence to warrant a finding of guilty.

See Dkt. # 11, Ex. 4. By order filed April 30, 2008, the district court denied Petitioner's application for post-conviction relief. Id., Ex. 5. Petitioner appealed the denial in OCCA Case No. PC-2008-458. (Id., Ex. 6). On July 25, 2008, the OCCA affirmed the district court's denial of post-conviction relief (Id., Ex. 7).

On August 7, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies twelve (12)[2] grounds for relief, as follows:

Ground 1:      The evidence was insufficient to support a conviction for second degree burglary!

Ground 2:      The trial court should have instructed the jury on the lesser included offense of illegal entry/breaking and entering!

Ground 3:      It was error to admit, over Appellant's objection, photographs which were never identified as being of the crawlspace above the Nature Conservancy!

Ground 4:      The Information failed to provide Appellant with a sufficient factual basis to defend against the charged offense in violation of Constitutional and statutory authority.

Ground 5:      The emphasis on the subjective nature of reasonable doubt by both counsel for the State and defense served to deny Appellant the right to a fair trial pursuant to the 14th Amendment to the United States Constitution.

_____

[2] Petitioner lists grounds 1-8, followed by additional grounds numbered 4, 1, 2, and 3. For clarity, and consistent with Respondent's response, the Court refers to the last four grounds as numbers 9, 10, 11, and 12.

4

Ground 6: The failure to excise irrelevant information in second stage exhibits which reference parole or suggest early release, combined with the prosecutor's emphasis on the sentences, resulted in an excessive term which should be modified!

Ground 7: Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution!

Ground 8: Appellant's sentence of fifty years for falling through the ceiling at the Nature Conservancy is excessive and should be modified!

Ground 9: Petitioner is actually innocent of the crime charged as evidence adduced at trial was insufficient to warrant a finding of guilty.

Ground 10: Petitioner received ineffective assistance of appellate counsel.

Ground 11: Petitioner received ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12: Evidence adduced at trial was insufficient to warrant a finding of guilty.

(Dkt. # 1). In response, Respondent asserts that Petitioner's claims are procedurally barred or do not justify habeas relief under 28 U.S.C. § 2254(d).  See Dkt. # 11. Petitioner filed a reply (Dkt. # 17).

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). With the exception of the claim of ineffective assistance of appellate counsel raised in ground ten, Petitioner presented his claims to the OCCA on direct and/or post-conviction appeal. However, in light of the procedural posture of this case, the Court finds that consideration of the petition is not precluded by Petitioner's failure to exhaust state remedies as to ground ten.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's grounds 1-8 on direct appeal.  On post-conviction appeal, the OCCA found that grounds 9 and 12 had already been adjudicated on direct appeal. Therefore, to the extent those claims are cognizable in this habeas corpus action, they will be reviewed pursuant to § 2254(d).

**1.  Insufficient evidence (grounds 1, 9, 12)**

In his first proposition of error, Petitioner claims that the State presented insufficient evidence to support his conviction for second degree burglary. He argues that the manner of his entry into the building was never established and there was no evidence that he broke into the building. This claim was rejected by the OCCA on direct appeal. Petitioner's ground nine and ground twelve arguments repeat this claim, but with slightly different wording, and correspond to Petitioner's post-conviction

claims. In ground nine, he argues that he was not in the location of the alleged burglary when he was

apprehended, that he is "actually innocent," and there was no fingerprint evidence to prove he

committed the crime. In ground twelve, he complains that the "entire case hinged on hearsay, and

conflicting testimony, and circumstantial evidence." He repeats his argument that there was no

evidence that he broke into the building or the offices of the Nature Conservancy.[3] Respondent

contends that Petitioner has not shown that the OCCA's decision was contrary to, or an unreasonable

application of Supreme Court law, and is not entitled to habeas corpus relief.

In rejecting Petitioner's insufficient evidence claim on direct appeal, the OCCA found as

follows:

> We find in Proposition I that the Information plainly charges Williams with
> breaking and entering into the Nature Conservancy office with intent to steal, and that
> taking the evidence in the light most favorable to the State, any rational trier of fact
> could find beyond a reasonable doubt that Williams broke into the Nature
> Conservancy office through the ceiling with the intent to steal.

(Dkt. # 11, Ex. 3 at 2).  In footnote 2 of its summary opinion, the OCCA cited Dodd v. State, 100

P.3d 1017, 1041-42 (Okla. Crim. App. 2004), and further explained that:

> Williams also argues that the evidence is insufficient because the State did not prove
> where Williams was before he was found in the Nature Conservancy offices, or that
> he had been in the crawlspace, or when he got there, or whether he was in the
> crawlspace to hide from the police rather than to break into the offices. The jury was
> entitled to consider the circumstantial evidence of the locked door, almost-empty
> office, intact ceiling, and Williams' position directly underneath the hole and reaching
> into it, in deciding whether Williams had come from the crawlspace. The jury could
> also consider the circumstantial evidence of the opened drawers and doors in
> determining why Williams dropped from the crawlspace into the Nature Conservancy
> office. *Roberts v. State*, 2001 OK CR 14, 29 P.3d 583, 586; *In re J.E.S.*, 1978 OK CR
> 111, 585 P.2d 382, 383-84 ("the fact that the appellant was seen inside the office in

---

[3] Petitioner also alleges in both grounds one and twelve that the Information alleged
incorrectly that the Nature Conservancy owned the Midway Building. His challenges to the
Information are addressed in the resolution of ground four below.

the building where the office had been secured prior thereto circumstantially established the fact of breaking and entering"). The State was not required to present evidence on Williams's other points.

(Dkt. # 11, Ex. 3 at 2 n.2). Both the district court and the OCCA concluded in post-conviction proceedings that the insufficient evidence issues raised by Petitioner in his post-conviction application had been raised on direct appeal; thus, further review was barred by the doctrine of *res judicata*. See Dkt. # 11, Ex. 5 at 3; Dkt. # 11, Ex. 7 at 1-2.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319. The Court must determine whether the OCCA reasonably applied Jackson in its rejection of Petitioner's insufficient evidence claim.

Upon review of the evidence in the light most favorable to the prosecution, the Court finds that the evidence was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Second Degree Burglary. Under Oklahoma law, to convict Petitioner of burglary in the second degree, the State had to prove beyond a reasonable doubt that he was a person "who breaks and enters any building or any part of any building, room, . . . in which any property is kept, . . . with intent to steal any property therein . . . ." Okla. Stat. tit. 21, §1435. Contrary to Petitioner's allegations, the prosecution presented evidence of each of the elements of second degree

burglary. Under Oklahoma law, unlawful entry was established by the testimony of Pruett who found Petitioner in the locked offices, after hours, standing underneath a hole in the ceiling tiles. Further, the opened drawers provided circumstantial evidence that Petitioner harbored an intent to steal. Under Oklahoma law, "actual stealing is not a requisite element" of second degree burglary. <u>Matter of J.E.S.</u>, 585 P.2d 382, 384 (Okla. Crim. App. 1978).

The Court concludes that the evidence was sufficient to support Petitioner's conviction, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). <u>See</u> <u>Dockins</u>, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on his insufficient evidence claims.

**2. Failure to give lesser included offense instruction (ground 2)**

As his second ground of error, Petitioner alleges that the trial court erred in refusing to instruct the jury on the lesser included offense of illegal entry/breaking and entering. The OCCA considered and rejected this claim on direct appeal. According to the OCCA, the trial court correctly ruled that evidence at trial did not support Williams' proposed lesser included offense instructions, and the trial court did not abuse its discretion in refusing to give those instructions. <u>See</u> Dkt. # 11, Ex. 3 at 3.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1357 (10th Cir. 1997)

(quoting <u>Long v. Smith</u>, 663 F.2d 18, 23 (6th Cir. 1981)); <u>see also</u> <u>Maes v. Thomas</u>, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" <u>Maes</u>, 46 F.3d at 984 (quoting <u>Henderson v. Kibbe</u>, 431 U.S. 145, 155 (1977)).  Furthermore, Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction.  <u>Dockins</u>, 374 F.3d at 938 (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases).

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). Petitioner's trial was not rendered fundamentally unfair as a result of the trial court's failure to instruct the jury as requested by Petitioner.  He is not entitled to habeas corpus relief under § 2254(d) on ground two.

### 3.  Error in admission of photographs (ground 3)

In his third proposition of error, Petitioner complains that the photographs of the crawlspace in the building were never identified as photos of the crawlspace above the Nature Conservancy. The OCCA found no error in the admission of these photos, finding that "[a]ny ambiguity regarding the

location of the pictures of the crawlspace within the Midway Building went to the weight jurors might give the photographs, rather than their admissibility." See Dkt. # 11, Ex. 3 at 3 n.3.

This Court is not concerned with whether state rules of evidence were violated, but whether "a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). The issue is whether the challenged evidence "so infused the trial with unfairness as to deny due process of law." Id. at 75. Although Petitioner argues that none of the witnesses could state for certain who took the photos, or specifically that the photos were of the crawlspace above the Nature Conservancy, he fails to explain how the admission of the photos resulted in an unfair trial. Nor does he argue that the OCCA's resolution of the issue was an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas relief on his third ground.

### 4.  Defects in the Information (ground 4; part of grounds 1, 12)

Petitioner argues in ground four that his due process rights were violated because the Information did not provide sufficient notice to defend against the crime charged.  The Information charged that Petitioner did:

> unlawfully, feloniously, willfully and burglariously, break and enter into a certain building located at 2727 E 21st St., in the City of Tulsa, Tulsa County, Oklahoma, owned by and in possession of OFFICE OF NATURE CONSERVANCY, in which building personal property of value was kept and contained by entering through a ceiling tile from an adjacent crawl space of said building and entering without the consent of said owner, with the willful, felonious, and burglarious intent to steal said property.

(Dkt. # 14, O.R. at 12). The OCCA found that "[t]he language of the Information clearly charged Williams with breaking and entering the Nature Conservancy office through the ceiling with intent to steal." See Dkt. # 11, Ex. 3 at 2 n.5.

A challenge to the adequacy of the Information under Oklahoma law, however, is a matter which a federal habeas court does not have the power to address, unless the state court error deprived Petitioner of fundamental rights guaranteed by the United States Constitution. Sallahdin v. Gibson, 275 F.3d 1211, 1227 (10th Cir. 2002)(citing Johnson v. Gibson, 169 F.3d 1239, 1252 (10th Cir. 1999). The Court agrees that the Information was adequate to put Petitioner on notice of the charge against him. "In Oklahoma, an Information must contain '[a] statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.'" Sallahdin, 275 F.3d at 1227 (10th Cir. 2002) (quoting Okla. Stat. tit. 22, § 401(2)). The record is clear that Petitioner knew he was charged with second degree burglary. There was no confusion that the State may have been charging him with another crime. Petitioner's due process rights were not violated.

In grounds one and twelve, Petitioner complains that the Information incorrectly states that the Nature Conservancy owns the building located at 2727 E. 21st Street (the Midway Building). Insofar as Petitioner claims that the Information did not correctly charge him with second degree burglary of the Nature Conservancy offices because of the incorrect statement of the building's ownership, the claim lacks merit. "A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment." Dunn v. United States, 442 U.S. 100, 105 (1979). However, a variance is not fatal to the prosecution's case unless the variance affects "the substantial rights of the accused." Berger v. United States, 295 U.S. 78, 82 (1935). The Information clearly included sufficient details to put Petitioner on notice of the charges against him and give him an opportunity to prepare a defense. See United States v. Lotspeich, 796 F.2d 1268, 1273 (10th Cir. 1986). The ownership of the Midway Building has no bearing on Petitioner's "substantial rights."

12

Thus, the alleged defect in the wording of the Information does not rise to the level of a federal constitutional violation as Petitioner was provided adequate notice of the charge against him.

The Court concludes that the OCCA's denial of relief on Petitioner's claims of defects in the Information was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on his claims relating to the Information.

**5.  Reasonable doubt (ground 5)**

Petitioner next contends that his right to a fair trial was violated because the prosecutor[4] improperly emphasized reasonable doubt, and asked the jurors to use common sense and to "fill in the gaps" as long as it seemed reasonable.  The OCCA found that "neither party attempted to define reasonable doubt for the jury, but both parties accurately told jurors that (a) they alone could decide reasonable doubt and (b) they should use reason and common sense in considering the evidence and reaching a verdict." See Dkt. # 11, Ex. 3 at 3-4.

The United States Supreme Court has noted that the standard of reasonable doubt is "an ancient and honored aspect of our criminal justice system," but it "defies easy explication." Victor v. Nebraska, 511 U.S. 1, 5 (1994). In reviewing a challenged definition of reasonable doubt, the Court went on to say:

> The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Cf. Hopt v. Utah, 120 U.S. 430, 440-441, 7 S. Ct. 614, 618-20, 30 L. Ed. 708 (1887).  Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 320 n.14, 99 S. Ct. 2781, 2789, n.14, 61 L. Ed. 2d

---

[4] He also states that defense counsel improperly emphasized reasonable doubt, but he provided no examples from the trial to support this claim.

560 (1979), the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof.

Victor, 511 U.S. at 5.

Petitioner has failed to demonstrate that his right to a fair trial was violated by the attorneys' comments on reasonable doubt. The record reflects that Petitioner's jury received an appropriate written instruction. See Dkt. # 14-1, O.R. at 122, Instruction No. 3. Further, Petitioner has not shown that the OCCA's resolution of this issue was an unreasonable application of Supreme Court law. Habeas relief is denied on ground five.

### 6.   Failure to redact information from second stage exhibits (ground 6)

Petitioner next contends that the failure to excise irrelevant information in second stage exhibits which reference parole or suggest early release, combined with the prosecutor's emphasis on the sentences, resulted in an excessive term which should be modified. On direct appeal, the OCCA rejected this claim, finding that "erroneous admission of sentencing information about Williams's prior convictions in the second stage of trial, and the prosecutor's argument from that information, do not constitute plain error warranting relief," See Dkt. # 11, Ex. 3 at 4. The state appellate court further noted that the record "does not support Williams's claim that his sentence was affected by this information." Id. at n.7.

The Tenth Circuit Court of Appeals has found "no practical distinction" between the formulations of plain error used by the OCCA and the federal due-process test, requiring reversal when an error "so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 75 (1991)). Because the OCCA applied the same test required for a due process determination, this Court defers to its ruling unless it "unreasonably appli[ed]" that test.  Id. (citing 28 U.S.C. § 2254(d)). A

14

proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

After reviewing the record in this case, the Court finds that the erroneous admission of sentencing information about Petitioner's prior convictions during the second stage proceeding did not so infuse Petitioner's sentencing trial with unfairness as to result in the denial of due process. Petitioner provides no argument or authority to support a claim that his federal constitutional rights were violated, or that the OCCA's decision was an unreasonable application of Supreme Court law. He is not entitled to habeas relief on his sixth ground.

### 7.  Ineffective assistance of trial counsel (ground 7)

As his seventh proposition of error, Petitioner claims his trial counsel was constitutionally ineffective because he did not submit redacted versions of the prior judgement and sentence records, nor did he object to the consolidated record card presented to the jury in second stage proceedings. On direct appeal, the OCCA denied relief, citing Williams v. Taylor, 529 U.S. 362, 393 (2000) and Strickland v. Washington, 466 U.S. 668, 694 (1984). The OCCA found that counsel was not ineffective because "Williams was not prejudiced by counsel's acts and omissions in the preceding propositions of error." See Dkt. # 11, Ex. 3 at 4. Respondent contends that the OCCA's ruling was not an unreasonable application of Supreme Court law.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant

15

can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

The Court agrees with the OCCA that Petitioner cannot satisfy the prejudice prong of the Strickland standard. Even assuming that trial counsel performed deficiently in failing to take the actions identified by Petitioner, he cannot show that the results of the proceeding would have been different but for counsel's deficient performance. See e.g., Battle v. Sirmons, 304 Fed. Appx. 688 (10th Cir. 2008) (unpublished) (finding that the failure to redact sentencing information from the list of prior convictions placed before the jury fell short of implicating fundamental trial fairness and

16

noting that Battle's argument concerning the effect of the un-redacted information on the jury required "extensive speculation"); <u>Dockins v. Hines</u>, 374 F.3d 935, 940 (10th Cir. 2004) (rejecting ineffective assistance of trial counsel claim for not redacting documents of prior criminal record on basis that failure was not prejudicial under <u>Strickland</u>). As in <u>Battle</u>, Petitioner was sentenced below the maximum sentence allowed under state law, <u>see</u> discussion below, even with the un-redacted sentencing information before it. To assume that the jury was influenced by the un-redacted information requires speculation and ignores the fact that Petitioner had thirteen prior felony convictions which supported the jury's ultimate sentencing decision. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  He is not entitled to habeas corpus relief on this claim.

### 8.  Excessive sentence (ground 8)

As his eighth proposition of error, Petitioner alleges that his sentence is excessive and should be modified.  On direct appeal, the OCCA rejected this claim, citing <u>Rea v. State</u>, 34 P.3d 148, 149 (Okla. Crim. App. 2001), and finding that "Williams's sentence was the product of the facts and circumstances of this case, and is not excessive."  <u>See</u> Dkt. # 11, Ex. 3 at 4.

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." <u>Dennis v. Poppel</u>, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." <u>Id.</u>

17

Petitioner's fifty (50) year sentence is within the statutory range of punishment for the crime of Second Degree Burglary, After Former Conviction of Two or More Felonies. See Okla. Stat. tit. 21, § 51.1 (C) (providing sentencing range of four (4) years to life imprisonment). Though significant, this sentence is not "extraordinary" or "grossly disproportionate" for Petitioner's conviction of Second Degree Burglary in light of his criminal history of thirteen prior felony convictions. See United States v. Gillespie, 452 F.3d 1183, 1190-91 (10th Cir. 2006) (collecting authorities).  Petitioner is not entitled to habeas corpus relief on this claim.

### 9.  Ineffective assistance of appellate counsel (ground 10)

As his tenth proposition of error, Petitioner contends that his appellate counsel, Stuart Southerland, failed to raise certain issues on direct appeal. More specifically, Petitioner claims in cursory fashion that his appellate counsel: (1) did not raise the issues in propositions 2-5; (2) failed to raise the claim that the "evidence adduced at trial was insufficient evidence to warrant a finding of guilty"; and (3) was ineffective "for the frivolous filing of a proposition that had no merit anyway." See Dkt. # 1 at 22. Petitioner raised a claim of ineffective assistance of appellate counsel in his application for post-conviction relief, identifying seven specific instances of alleged ineffective assistance of trial counsel omitted by appellate counsel on direct appeal. The state district court and the OCCA denied relief on all ineffective assistance of appellate counsel claims on post-conviction. See Dkt. # 11, Exs. 5, 7.  In his habeas petition, Petitioner raises the same seven trial counsel ineffectiveness claims in ground eleven.[5]  However, the specific instances complained of in ground

---

[5] The Respondent assumes that Petitioner's ground ten claim of ineffective assistance of appellate counsel claim is related to the ineffective assistance of trial counsel claims enumerated in ground eleven. See Dkt. # 11 at 34.  Although Petitioner's description of his complaints about appellate counsel in ground ten are not a model of clarity, the Court finds no language which supports Respondent's assumption that Petitioner is referring to appellate counsel's failure to raise

ten of his habeas petition are not the same as the seven instances listed in his post-conviction application, and the ground ten claims are technically unexhausted and subject to an anticipatory procedural bar.[6]

Under Tenth Circuit precedent, where analysis of the merits of an issue is more efficient than addressing the level of deference owed or issues of procedural bar, the court may proceed directly to the review of the merits of the claim to deny relief. Smith v. Mullin, 379 F.3d 919, 927 (10th Cir. 2004) ("We need not determine the level of deference owed the OCCA's conclusions as to these various misconduct claims or which [claims] are barred on independent and adequate state grounds. Where an issue may be more easily and succinctly affirmed on the merits, judicial economy counsels in favor of such a disposition.") (internal quotations and citation omitted); Cannon v. Mullin, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits."). The manner of presentation of the ineffective assistance of counsel claims in petitioner's post-conviction proceedings and the interpretation and rejection of those claims by the state courts makes analysis of the procedural issues more problematic than a review of the merits of petitioner's ground ten claims. Therefore, the Court shall review Petitioner's ground ten ineffective assistance of appellate counsel claims on the merits.

Petitioner first complains that his appellate counsel did not raise the issues in propositions 2-5. To the contrary, the issues raised in grounds two through five are exactly the same as propositions

_____

the instances of trial counsel ineffectiveness described in ground eleven.

[6] An "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007).

2-5 raised on direct appeal. This complaint has no merit. Likewise, Petitioner's argument that appellate counsel failed to raise the claim that the "evidence adduced at trial was insufficient evidence to warrant a finding of guilty" is without merit as this issue was raised as proposition one on direct appeal. Petitioner also contends that appellate counsel was ineffective "for the frivolous filing of a proposition that had no merit anyway." See Dkt. # 1 at 22. However, Petitioner does not identify the alleged frivolous proposition. In the absence of factual support, the Court finds the claim lacks merit. United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Petitioner has wholly failed to show that his appellate counsel was ineffective. As a result, Petitioner is not entitled to habeas relief on his ground ten claim.

**C.    Procedural bar (ground 11)**

In his eleventh proposition of error, Petitioner alleges that trial counsel provided ineffective assistance when he failed (1) to argue faulty initial identification of Petitioner by the State's witness; (2) to challenge that the evidence was impossible to meet the State's theory of how the alleged crime was committed - there was no evidence to sustain the charge; (3) to argue for a lesser included offense jury instruction; (4) to provide documents and evidence requested by Petitioner; (5) to provide adequate assistance due to a conflict of interest; and (6) to object during trial, impeach witnesses, and challenge the validity of the State's evidence - to admit evidence and to call witnesses. See Dkt. # 1 at 24. Petitioner further alleges that he suffered prejudice from the "cumulative effects of ineffective assistance of counsel." Id. These alleged instances of ineffective assistance of trial counsel were raised for the first time on post-conviction as part of Petitioner's ineffective assistance of appellate counsel claim, see Dkt. # 11. Ex. 4, but were not adjudicated on the merits. Instead, the OCCA imposed a procedural bar, finding as follows:

20

> As the District Court found, with the exception of his claim of ineffective appellate counsel, Petitioner has not raised any issue that either was not or could not have been asserted during trial proceedings or in his direct appeal. All issues which were raised and decided during trial proceedings or on direct appeal are barred from further consideration by *res judicata*, and all issues which could have been previously raised but were not are waived and may not be the basis of a post-conviction application. 22 O.S. 2001, § 1086; *Davis v. State*, 2005 OK CR 21, ¶ 2, 123 P.3d 243, 244.

See Dkt. # 11, Ex. 7 at 2. Respondent argues that this Court must recognize the procedural bar imposed by the state appellate court. See Dkt. # 11 at 43.

The Court finds that these claims of ineffective assistance of trial counsel are procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined or would decline to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).

In this case, the OCCA's procedural bar as applied to these claims was an "independent" ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. However, because these are claims of ineffective assistance of counsel, the adequacy of the state court's procedural bar requires additional analysis. When the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman

21

v. Morrison, 477 U.S. 365 (1986)).  The unique concerns are "dictated by the interplay of two factors:

the need for additional fact-finding, along with the need to permit the petitioner to consult with

separate counsel on appeal in order to obtain an objective assessment as to trial counsel's

performance."  Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).  In

English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit explicitly narrowed the

circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims

first raised collaterally.  In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those
> limited cases meeting the following two conditions: trial and appellate counsel differ;
> and the ineffectiveness claim can be resolved upon the trial record alone.  All other
> ineffectiveness claims are procedurally barred only if Oklahoma's special appellate
> remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court

finds that the OCCA's procedural bar was based on state grounds "adequate" to preclude federal

review. At trial, Petitioner was represented by attorney David Phillips.  On appeal, Petitioner was

represented by attorney Stuart Southerland.  For purposes of the first requirement identified in

English, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal.

The second English factor requires that the claims could have been resolved either "upon the trial

record alone" or after adequately developing a factual record through Rule 3.11, Rules of the

Oklahoma Court of Criminal Appeals, the special appellate remand rule for ineffectiveness claims.

English, 146 F.3d at 1263-64. The Court finds that all of Petitioner's claims could be resolved on the

record alone.  Even if Petitioner's defaulted claims could not all be resolved on the record alone, he

has failed to allege with specificity how Rule 3.11, Rules of the Oklahoma Court of Criminal

22

Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). As a result, he has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

Because of the procedural default of the identified claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's response, Petitioner argues that ineffective assistance of appellate counsel establishes "cause" to overcome his procedural default. See Dkt. # 17 at 9. It is well established that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Murray v. Carrier, 477 U.S. 478, 488-89

23

(1986). However, the ineffective assistance of appellate counsel claim must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489. In this case, Petitioner did claim in his application for post-conviction relief that appellate counsel provided ineffective assistance in failing to raise these claims of ineffective assistance of trial counsel. See Dkt. # 11, Ex. 4. On post-conviction appeal, the OCCA affirmed the district court's denial of relief on this claim of ineffective assistance of appellate counsel, finding as follows:

> To support a claim of ineffective appellate counsel, Petitioner must establish counsel's performance was deficient under prevailing professional norms and that but for the deficient performance the outcome of his appeal would have been different, or he must establish innocence. *Strickland v. Washington*, 466 U.S. 558, 687, 104 S. Ct. 2052, 2064, 2068, 80 L. Ed. 2d 674, 698. Petitioner has not established that his appellate counsel's performance was deficient or that the outcome of his appeal would have or should have been different. *Id.* Petitioner claims he is actually innocent of the crime, but he offers nothing to support the bald assertion. *Id.* Therefore, the order of the District Court of Tulsa County denying Petitioner's application for post-conviction relief in Case No. CF-2005-3043 should be, and is hereby, **AFFIRMED**.

See Dkt. # 11, Ex. 7 at 2.

Petitioner cannot establish cause for his procedural default by claiming ineffective assistance of appellate counsel unless he demonstrates that the OCCA's denial of relief on the ineffective assistance of appellate counsel claim was an unreasonable application of Strickland. When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394.

24

The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." <u>Neill</u>, 278 F.3d at 1057 (citing <u>Smith v. Robbins</u>, 528 U.S. 259, 285-86 (2000) (applying <u>Strickland</u>, 466 U.S. at 687-91)). Accordingly, the Court will examine the merits of the omitted issues[7] of alleged trial counsel ineffectiveness to determine whether the OCCA's rejection of the ineffective assistance of appellate counsel issue was an unreasonable application of <u>Strickland.</u>

### 1.  Failure to argue faulty identification of Petitioner by the State's witness

Petitioner alleges that his trial counsel provided ineffective representation because counsel failed to argue that the initial identification of him by the State's witnesses was faulty. The trial court record reveals, however, that counsel filed a motion to suppress the in-court identification of Petitioner (Dkt. # 14, O.R. at 84), and a hearing was held on the motion (Dkt. # 14-5, Tr. Trans. at 131-74). Thus, contrary to Petitioner's claim, his trial counsel made reasonable efforts to challenge the identification of Petitioner by the State's witness. This claim of ineffective assistance of trial counsel lacks merit. <u>Strickland</u>, 466 U.S. at 687.

---

[7] Petitioner merely lists the issues of ineffective assistance of trial counsel, with little explanation or detail. Accordingly, the Court has relied on the arguments supporting these claims in Petitioner's application for post-conviction relief filed in Tulsa County District Court, Case No. CF-05-3043 (Dkt. # 11, Ex. 4).

**2.  Failure to challenge the sufficiency of the evidence**

Next, Petitioner claims his trial attorney failed to challenge the sufficiency of evidence, and that it was impossible for the State the prove its theory of how the crime was committed. However, as noted by Respondent, trial counsel argued to the jury extensively in closing arguments that the State did not meet its burden of proof and never established how Petitioner allegedly entered into the Midway Building. See Dkt. # 14-5, Tr. Trans. at 354-55. Trial counsel did not fail to challenge the sufficiency of the evidence.  This claim of ineffective assistance of trial counsel lacks merit. Strickland, 466 U.S. at 687.

**3.  Failure to request a lesser included offense jury instruction**

In his application for post-conviction relief, Petitioner claimed that trial counsel provided ineffective assistance when he failed to argue for a lesser included offense instruction on the crime of  illegal entry. See Dkt. # 11, Ex. 4 at 8. The record reflects that trial counsel did request that the trial court instruct the jury on the lesser included offense of breaking and entering. See Dkt. # 14-5, Tr. Trans. at 333. The trial court denied the request. Id. at 334. Petitioner has failed to show that the result of the proceeding would have been different had counsel requested an instruction on illegal entry. This claim of ineffective assistance of trial counsel lacks merit. Strickland, 466 U.S. at 687.

**4.  Defense counsel withheld documents and evidence from Petitioner**

Next, Petitioner argues that trial counsel failed to give him copies of pages 26-39 from the preliminary hearing transcripts, containing the testimony of building manager, Don Casey. Petitioner fails to explain to the Court how this behavior by counsel, if true, constituted ineffective assistance of counsel. He has not demonstrated that counsel's performance was constitutionally deficient for his

failure to provide copies to Petitioner. This claim of ineffective assistance of trial counsel lacks merit. Strickland, 466 U.S. at 687.

### 5.  Conflict of interest

Petitioner contends that his trial counsel had a conflict of interest because Petitioner had filed complaints against his trial counsel to the court and to the Oklahoma Bar Association prior to the commencement of the jury trial. He fails to explain how the filing of complaints resulted in ineffective representation by trial counsel. Plaintiff has not met his burden of alleging sufficient facts on which his claim is based. Hall, 935 F.2d at 1110. The Court finds that trial counsel's representation was not deficient due to a purported conflict of interest.  This claim of ineffective assistance of trial counsel lacks merit. Strickland, 466 U.S. at 687.

### 6.  Miscellaneous failures by trial counsel

Petitioner also claims his attorney failed to make objections, failed to admit evidence, failed to impeach the testimony of witnesses, altered witness statements, failed to subpoena film from the ceiling camera, failed to call Officer Wollmershauser as a witness, and failed to argue removal of key evidence. Petitioner does not explain what objections should have been made; what evidence should have been admitted; which witnesses should have been impeached; which witness statements were altered; how the film from the ceiling, if such film existed, could have helped his defense; what assistance Officer Wollmershauser's testimony might have provided; or what key evidence was removed. In the absence of supporting facts, the Court is unable to analyze the claim. Accordingly, the Court finds that counsel's performance was not deficient for these various alleged failures.  This claim of ineffective assistance of trial counsel lacks merit. Strickland, 466 U.S. at 687.

### 7.   Cumulative effects of ineffective representation

Petitioner claims that all of counsel's failures accumulated to deny him constitutionally effective representation. Having found no failures in representation that rise to the level of constitutional violations, the Court does not find error in the accumulation of non-errors.  This claim of ineffective assistance of trial counsel lacks merit. Strickland, 466 U.S. at 687.

In summary, Petitioner has failed to demonstrate that trial counsel's performance was deficient, and that the alleged deficiencies prejudiced Petitioner's defense.  Because Petitioner's claims of ineffective assistance of trial counsel lack merit, appellate counsel's failure to raise the claims on direct appeal was not objectively unreasonable. Therefore, Petitioner's ineffective assistance of appellate counsel claim cannot serve as "cause" to overcome the procedural bar applicable to his ineffective assistance of trial counsel claims.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ."  Schlup, 513 U.S. at 316.  Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The

28

exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted. However, he provides no new evidence supporting this claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims of ineffective assistance of trial counsel.  Coleman, 510 U.S. at 724. He is not entitled to habeas corpus relief on ground eleven.

**D.      Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

29

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### CONCLUSION

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  A separate Judgment shall be entered in this case. A certificate of appealability is **denied**.

DATED THIS 12th  day of March, 2012.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma